IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SUSAN PENDLEY<br>*Plaintiff* | )<br>)<br>) |
| vs. | ) Civil Action No.: _____<br>) |
| LARNA SCHULTZ<br>*Defendant* | )<br>)<br>) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Plaintiff, Susan Pendley, and files this, her Original Complaint complaining of and against Defendant, Larna Schultz. In support thereof, Plaintiff respectfully shows the Court as follows:

### A. PARTIES

1. Plaintiff, Susan Pendley, is an individual and a citizen of the State of Texas.

2. Defendant, Larna Schultz, is an individual who is a citizen of the State of Louisiana. She can be served with process at 3213 Riverland Dr, Chalmette, Louisiana 70043 or wherever she may be found.

### B. JURISDICTION

3. This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the suit is between a citizen of the State of Texas and a citizen of the State of Louisiana, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. VENUE

4.     Venue is proper in the Eastern District of Texas Marshall Division under 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Cass County, Texas.

## D. CONDITIONS PRECEDENT

5.     All conditions precedent have been performed or have occurred.

## E. FACTS

6.     This lawsuit arises from a motor vehicle collision occurring on or about October 3, 2018 in Avinger, Cass County, Texas.  When the collision occurred, Susan Pendley was lawfully stopped facing Westbound on State Highway 155 at its intersection with State Highway 49. Defendant was the driver of a vehicle traveling Northbound on State Highway 49. Defendant acted with complete disregard for Plaintiff's safety by disregarding the stop sign at the intersection of State Highway 49 and State Highway 155 and colliding with the front of Ms. Pendley's vehicle as she attempted to turn right onto State Highway 49. Defendant's negligence proximately caused Plaintiff to suffer severe personal injuries, more fully set forth below.

## F. NEGLIGENCE OF DEFENDANT LARNA SCHULTZ

7.     The occurrence made the basis of Plaintiff's lawsuit and the resulting injuries and damages to Plaintiff were proximately caused by Defendant's negligent acts and/or omissions including, but not limited to, one or more of the following:

a.     disregarding a stop sign in violation of TEX. TRANSP. CODE § 544.010;

b.     failure to stop;

c.     failure to keep such lookout as a person of ordinary prudence would use under the same or similar circumstances;

_Pendley v. Schultz_
Plaintiff's Original Complaint                                                                                          Page 2

    d.    failure to pay the degree of attention or ordinary prudence as a person would use under the same or similar circumstances;

    e.    failure to properly and timely apply her brakes;

    f.    failure to drive at a reasonable and prudent speed under the circumstances then existing;

    g.    driving the vehicle without regard for the safety and welfare of other persons or property as an ordinary prudent person would have under the same or similar circumstances;

    h.    operating the vehicle in a manner inconsistent with the manner in which an ordinarily prudent person would have operated the vehicle under the same or similar circumstances;

    i.    driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of TEX. TRANSP. CODE § 545.401.

8. Each and all of Defendant's acts or omissions, singularly or in combination with others, constituted negligence, negligence *per se* and/or gross negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## G. DAMAGES

9. Plaintiff, as a direct and proximate result of the negligent conduct of Defendant, sustained bodily injuries. Plaintiff believes some of her injuries are permanent in nature and have had serious effects on her health and well-being. It has been necessary for Plaintiff to pay or incur reasonable and necessary medical expenses in the past and it is probable that she will incur reasonable and necessary medical expenses for the treatment of her injuries in the future. Moreover, Plaintiff has suffered physical pain and mental anguish in the past, is suffering at the present, and, in all reasonable probability, she will continue to suffer for the rest of her life.

Plaintiff has suffered physical impairment in the past, is suffering at the present, and, in all reasonable probability, she will continue to suffer for the rest of her life. Plaintiff sues for the recovery of past and future medical expenses, past and future physical pain and mental anguish, and past and future physical impairment, all in an amount in excess of the minimum jurisdictional limits of this Court. Plaintiff seeks a reasonable amount to be determined for her injuries.

## H. PRAYER

10. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer this Original Complaint and that, upon final hearing, Plaintiff have judgment against Defendant for damages in a sum in excess of the minimum jurisdictional limits of this Court, both pre-judgment and post-judgment interest, costs of court, and such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH

_____
MICAH L. SATTERWHITE
State Bar No. 24102463
msatterwhite@sloanfirm.com
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
Telephone   903-757-7000
Facsimile   903-757-7574

ATTORNEY FOR PLAINTIFF